Curtis G. MONTGOMERY et ux.,
Appellants,

v.

Ansil COATES et al., Appellees.

No. 6772.

Court of Civil Appeals of Texas.

Amarillo.

May 26, 1958.

Rehearing Denied June 23, 1958.

Snodgrass & Calhoun, Amarillo, for appellants.

Huff & Splawn and P. Pablo Marshall, Lubbock, and John Hazlewood, Amarillo, for appellees.

PITTS, Chief Justice.

Plaintiff, Ansil Coates, filed this suit on September 14, 1955, seeking a declaratory judgment to establish his alleged prior lien upon two tracts of land composing approximately five acres located in Potter County, Texas, by reason of a final judgment he obtained in the District Court of Dawson County, Texas, on December 16, 1950, as against Richard Walker and wife, Sadie Walker, for a debt evidenced by a vendor's lien note in the sum of $2,267.16, together with interest thereon, and the foreclosure of his vendor's lien and deed of trust lien executed to secure the debt by Richard Walker and wife, Sadie Walker, as against the said five acre tract of land then owned by the Walkers. In this suit said plaintiff named as party defendants Richard Walker and wife, Sadie Walker, who owned the said land at the time the liens were given to Coates and when Coates obtained his judgment in Dawson County, Texas; Curtis G. Montgomery and wife, Vivian F. Montgomery, who claimed ownership of the said land at the time this suit was filed; and J. Clyde King and Smith and Sons, Inc., each of whom plaintiff alleged claimed some type of lien against the said land but he further alleged that his lien was prior and superior to that of any other party.

Defendants, Richard Walker and wife, Sadie Walker, although cited, failed to

answer or appear. Defendants Curtis G. Montgomery and wife, Vivian F. Montgomery, answered by joining issues with plaintiff, claiming ownership of the said land by reason of a conveyance to them in good faith and for a valuable consideration by a warranty deed executed by the Walkers on January 6, 1951, as well as by the three and four-year statutes of limitation, Vernon's Ann.Civ.St. arts. 5507, 5529, and by a cross action they sought to have judgment rendered removing the cloud cast upon their title to the said land. Defendant J. Clyde King answered by joining issues with all parties who asserted claims against the land in question and sought judgment by a cross action for his claim and a foreclosure of a judgment lien against the land in question as evidenced by a judgment he obtained in the District Court of Potter County, Texas, on June 3, 1950, as against Richard Walker and wife, Sadie Walker, for the sum of $781.89, together with interest thereon, and had the said judgment properly and duly recorded in Potter County, Texas. Defendant, Smith and Sons, Inc., answered by joining issues with all parties who asserted claims against the land in question and by way of a cross action sought judgment for the foreclosure of a judgment lien supported by an alleged materialman's lien against the land in question as evidenced by a judgment Smith and Sons, Inc., obtained in the District Court of Potter County, Texas on September 8, 1950, as against Richard Walker and wife, Sadie Walker, for the sum of $1,298.76, together with interest thereon, and had the said judgment properly and duly recorded in Potter County, Texas. This latter named defendant further alleged in effect that the land in question was fraudulently conveyed by Walkers to Montgomerys for the purpose of defeating the claims of Walkers' creditors and that no consideration for the land was paid the grantors by the grantees, for all of which reasons judgment was sought to set aside the said deed and declare it void.

Thereafter on March 13, 1957, the Montgomerys filed a motion for a summary judgment with a supporting affidavit attached thereto claiming in effect that they bought the said land in good faith and paid a valuable consideration therefor and attempting thereby to show their claims were superior to the claims of Ansil Coates, J. Clyde King and Smith and Sons, Inc., and further attached to the said motion the certificates of the trial court clerks showing the dates the respective judgments were obtained by the previously named parties as against the Walkers. On June 4, 1957, defendant Smith and Sons, Inc., filed a verified reply to the motion of the Montgomerys for summary judgment, in which reply affiant set out the alleged superior claims of Smith and Sons, Inc., and likewise in effect set out again the allegations of fraud and lack of consideration in the execution of the deed by the Walkers attempting to convey the land in question to the Montgomerys and further alleged that the testimony given by defendant, Curtis G. Montgomery, in his deposition taken in this case on November 9, 1956, and filed with the record, reveals the fraudulent acts of the parties and lack of consideration in the transaction. The record does not disclose any action taken by the trial court upon the motion of the Montgomerys for a summary judgment or the reply thereto. Neither does the record reveal whether or not such a motion was ever called to the attention of the trial court.

It was stipulated by all the parties in attendance at the trial that Sadie Walker was the common source of title since she alone had actually owned the land in question but she was joined by her husband, Richard Walker, in all of their transactions.

On September 27, 1957, the case was tried on its merits to the court without a jury and after hearing and considering the evidence, judgment was thereafter rendered on November 11, 1957, finding in effect that Richard Walker and wife, Sadie

Walker, had been legally cited but failed to answer or appear and wholly defaulted, but the remaining named parties appeared and announced ready for trial; that the deed executed on January 6, 1951, by Richard Walker and wife, Sadie Walker, purporting to convey the five acre tract of land in question to the Montgomerys was without consideration and was fraudulently executed, particularly as against the claims asserted by the parties in this suit, for which reason the said deed was by decree of the trial court set aside, canceled and held for naught and it was further decreed that Curtis G. Montgomery and wife, Vivian F. Montgomery, take nothing by reason of their cross action or other claims. Judgment was further rendered for plaintiff, Ansil Coates, as the first lien holder upon his total claim in the sum of $3,196.64 secured by a vendor's lien note and as beneficiary under a deed of trust executed on May 11, 1950, by the Walkers on the five acre tract of land in question, which claim so secured had been reduced to judgment on December 16, 1950, in the trial court of Dawson County, Texas; then judgment was rendered for J. Clyde King as the second lien holder as against the said land for his claim in the total sum of $1,125.80, which claim had been reduced to judgment on June 3, 1950, in the district court of Potter County, Texas; then judgment was rendered for Smith and Sons, Inc., as the third lien holder as against the said land for its claim in the total sum of $2,034.72, which claim had been reduced to judgment on September 8, 1950, in the district court of Potter County, Texas; and a foreclosure sale of the said land was ordered with the proceeds therefrom to be applied in so far as they extended in liquidating the said claims in the order designated in the judgment. Curtis G. Montgomery and wife, Vivian F. Montgomery, excepted to the trial court's judgment and gave notice of appeal and perfected their appeal by timely filing an appeal bond. Smith and Sons, Inc., likewise excepted to the trial court's judgment and gave notice of appeal but failed to perfect an appeal by failure to file any appeal bond.

Appellants, the Montgomerys, filed a brief charging in their first point that the trial court erred in overruling their motion for a summary judgment, then charged there were no pleadings or evidence to support the findings and conclusions of the trial court to the effect that the deed purporting to convey the land from Walkers to Montgomerys was executed in fraud of Walkers' creditors and likewise claimed title to the land by the three and four-year statutes of limitation. Walkers, having defaulted in the trial court, made no appearance herein. Appellee J. Clyde King made no appearance and filed no brief here. Smith and Sons, Inc., joined appellee, Ansil Coates, in resisting by briefs filed appellants' points making the claims just previously herein set out.

■ As previously herein stated, the record before use does not disclose any action taken by the trial court upon appellants' motion for summary judgment. But, assuming that such motion was overruled by the trial court as contended by appellants, such action was proper because the verified pleadings raised material issues of fact concerning fraud, failure of consideration, superior claims, pleas of limitation and possibly others. The deposition of appellant, Curtis G. Montgomery, was then in the record and before the trial court. His testimony there given contravened his pleadings in his motion on the issues of good faith and the consideration paid by himself and wife for the land. Then, in any event, the court held in the case of Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670, that an order denying a motion for a summary judgment is not appealable. In the recent case of City of Corpus Christi v. McCarver, Tex. Civ.App., 253 S.W.2d 456, 459, the court said in part:

"It was never the intention of the summary judgment provision, Rule 166–

A, T.R.C.P., to permit a party to establish his case by ex parte affidavits and thus permit his witnesses to escape cross-examination. Neither was it intended that a summary judgment hearing should become a battle of affidavits. It is only where it is shown that no genuine issue of fact exists in a case, that a summary judgment is proper. 30 Tex.Law Review 295; Fonville v. Southern Materials Co., Tex.Civ.App., 239 S.W.2d 885; Hunt v. Southern Materials Co., Tex.Civ.App., 240 S.W. 2d 400."

Under the record and the law governing such we overrule appellants' first point of error.

■ Concerning the issue of fraud, such question has been here satisfactorily raised by the pleadings. While appellants have not directed any point of error complaining about the trial court's finding that the purported conveyance of the land in question to Montgomerys by Walkers was without consideration, such a finding is very material and strongly supports the finding of fraud. It is elementary that the evidence concerning the controverted matters here presented must be considered in a light most favorable to the trial court's findings and judgment. Appellant, Curtis G. Montgomery, testified in effect that he and his wife had known the Walkers for several years and they were friends; that he and his wife and the Walkers did not have any understanding or agreement upon any amount as a consideration for the sale of the land in question, and that he and his wife did not pay anything for the land, although the deed expressed a "consideration of $10.00 and other valuable considerations"; that he bought $5.50 worth of revenue stamps and put them on the deed when it was filed for record; that he knew about the claims and debts here involved and many others the Walkers owed at the time the deed was executed; that he examined an abstract to the land in question

and saw therein the recorded judgments of the parties against the Walkers upon which the said parties here based their claims here made; that the Walkers moved away from the premises immediately after the deed was executed on January 6, 1951, and that he rented the premises to a tenant for a period of about a year thereafter at a monthly rental of $50, which rentals he collected and sent to the Walkers; that he and his family moved on the premises soon after the tenant moved away, the exact date not being given, and for "quite a while thereafter" he paid the Walkers $30 per month, which the trial court was justified in presumably finding to be rentals paid by appellants to the Walkers under all the facts and circumstances shown here. The said appellant further testified in effect that while living on the premises here involved, the Walkers finally moved in the home with him and his family and they all lived together for some time; that the Walkers called upon him for more money and became offended because he would not pay them more and charged that they had been abused by him; that the five acre tract of land and improvements thereon (a 4-room house and a well 150 feet deep) was worth about $4,000.

Because of this and other testimony given by appellant, Curtis G. Montgomery, corroborated by other evidence and circumstances, the trial court was justified in finding and concluding that appellants, the Montgomerys, were not entitled to any recovery. Appellants' points to the contrary are all overruled.

■ While Smith and Sons, Inc., in its brief, filed five counterpoints joining appellee, Ansil Coates, in seeking successfully to uphold the findings and conclusions of the trial court in the foregoing matters, in its conclusions in its brief Smith and Sons, Inc., seeks to "adopt" other portions of the brief of appellants, Curtis G. Montgomery and wife, Vivian F. Montgomery, concerning technical matters of notice and procedure, which Smith and Sons, Inc., contends

would give it affirmative relief as against appellee, Ansil Coates, without itself briefing such portions of appellants' brief it seeks to adopt and without first having perfected its appeal in order to properly assert such affirmative relief as against appellee, Ansil Coates, by timely filing a proper appeal bond as required by Rule 354, T.R.C.P. In fact, Smith and Sons, Inc., sought in the prayer in its brief to have a portion of the trial court's judgment reversed and rendered in its favor in order to give it affirmative relief against appellee, Ansil Coates, thus seeking affirmative relief as an appellant as to this portion of the trial court's judgment which would concern only Smith and Sons, Inc., and appellee, Ansil Coates. When Smith and Sons, Inc., excepted to the trial court's judgment and gave notice of appeal, it became an appellant as to any affirmative relief sought as against appellee, Ansil Coates, and was required to perfect its appeal for such a purpose by timely executing and properly filing an appeal bond, which, according to the record before us, it failed to do.

An appellant who gave notice of appeal from the judgment of a trial court but filed no appeal bond failed to perfect an appeal. Haskell Independent School Dist. v. Ferguson, Tex.Civ.App., 178 S.W.2d 130; Southland Life Ins. Co. v. Barrett, Tex.Civ.App., 172 S.W.2d 997. The filing of an appeal bond is a prerequisite to making an appeal. Routon v. Phillips, Tex.Civ.App., 246 S.W.2d 223, 226. Filing of an appeal bond within the statutory time (now required by rules) is jurisdictional and can not be waived. Shield v. First Coleman National Bank, Tex.Civ.App., 160 S.W.2d 277, affirmed 140 Tex. 117, 166 S.W.2d 688.

For the reasons stated, Smith and Sons, Inc., is denied any affirmative relief as against appellee, Ansil Coates.

An examination of the record and the briefs reveals no reversible error. Therefore, the judgment of the trial court is affirmed.