**CONSOLIDATED UNDERWRITERS,**
**Appellant,**

v.

**LOYD W. RICHARDSON CONSTRUCTION CORPORATION, Appellee.**

No. 7075.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 4, 1969.

Rehearing Denied Sept. 25, 1969.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellant.

Fischer, Wood, Burney & Nesbitt, Corpus Christi, for appellee.

KEITH, Justice.

The insurer appeals from an award of attorney's fees and expenses incurred in the successful defense of a lawsuit by the insured's own counsel after the insurer had withdrawn from the defense thereof. The reasonableness of the amount of the fee and the expenses was stipulated. We will term this item "defense" expense. The insured also sought attorney's fees incurred in *this* litigation to collect its fees paid in the first case, but these latter fees (which we will call "attack" fees) were denied. Trial was to the court with extensive findings of fact and conclusions of law being filed. We will designate the appellant, Consolidated Underwriters, as the insurer, and the appellee simply as Richardson.

The controversy arises from the fact that Richardson's policy excluded completed operations, the endorsement reading:

"EXCLUSION OF PRODUCTS (IN-CLUDING COMPLETED OPERA-TIONS)

"It is agreed that the policy does not apply with respect to the products hazard as defined in the policy, nor to accidents caused by, or arising out of, work completed, even though improperly or defectively performed, or abandoned, by the insured for another owner, principal, or contractor."

Richardson, a general contractor, had a harmonious relationship with Tenneco Oil Company; and, after Hurricane Carla had swept over Mustang Island and Padre Island where Tenneco (either as owner or operator for other companies) had extensive operations, Richardson was commissioned to send men, equipment, and material to the island to effect general but unspecified repairs to physical properties damaged in the hurricane. There was no formal or written contract entered into at the time, it being the desire of the parties to make emergency repairs to roads, bridges and other installations on the island to the end that the same could be brought back into production with a minimum loss of time.

Carla, on September 10–12, 1961, had washed out a portion of the county road on Mustang Island, preventing Tenneco's employees reaching some of that company's properties. At the request of Tenneco's superintendent, Richardson patched the washout on September 15. The repairs consisted of placing 75 cubic yards of mudshell in the eroded area of the roadway. Apparently, the efforts of Richardson did not result in a smooth surface of the roadway, because on September 24, 1961, there was a one-car accident in which several persons were injured. This resulted in a lawsuit brought by Bolin, et al., against Gulf Oil Company (hereinafter called "Bolin Suit"), to which Richardson was added as a defendant in the first amended original petition. Upon receipt of the citation, Richardson tendered the defense to the insurer which undertook the defense under a non-waiver agreement. The material allegation concerning Richardson in this first pleading was that it was negligent in "[t]he manner in which the washout was attempted to be repaired or reconstructed * * *"

The second amended original petition of Bolin, filed October 6, 1962, amplified the grounds of recovery and alleged that:

"* * * Tenneco directed Lloyd Richardson to work on the washout on the public road, and Lloyd Richardson undertook to do so, *and completed its work and its activities* concerning the washout on the following Saturday, September 16, 1961, and which work was accepted, and paid for, by Tenneco and used by it for the aforesaid business purposes [of reaching its oil and gas facilities]." (Emphasis ours.)

This general allegation was followed by specific acts of negligence on the part of Richardson in the making of the repairs to the public road.

After the filing of this pleading by Bolin, the insurer notified Richardson that it was withdrawing from the defense of the Bolin suit since the allegations of Bolin brought the suit within the completed operations exclusion in Richardson's policy. Richardson refused to acquiesce in the withdrawal, but the insurer's counsel was permitted by court order to withdraw. Thereupon, Richardson retained its own counsel and the suit proceeded to trial on Bolin's third amended original petition, which contained even more elaborate allegations with reference to the completed operations of Richardson. As we have noted, the Bolin suit was defended successfully.

■ By its first series of points, the insurer contends that it was error for the trial court to permit the introduction of oral evidence to explain the circumstances under

which the work was being done. In essence, the thrust of the points is that only the pleadings of Bolin may be considered to determine whether or not the claim being asserted was within the coverage of the policy. This contention is sustained.

The case is controlled by the decision in Heyden Newport Chemical Corp. v. Southern Gen. Ins. Co., 387 S.W.2d 22, 24 (Tex. Sup., 1965), from which this short excerpt is taken:

"We think that in determining the duty of a liability insurance company to defend a lawsuit the allegations of the complainant should be considered in the light of the policy provisions without reference to the truth or falsity of such allegations *and without reference to what the parties know or believe the true facts to be,* or without reference to a legal determination thereof." (Emphasis supplied.)

The court then quoted from Maryland Cas. Co. v. Moritz, 138 S.W.2d 1095, 1097 (Austin, Tex.Civ.App., 1940, error ref.), wherein this language was used: "In such instance, in testing the liability of the insurer to defend, the proof is not material. *Liability depends upon the allegations of the plaintiff's petition.*" (Emphasis ours.) Accord: Maryland Cas. Co. v. Knorpp, 370 S.W.2d 898 (Amarillo, Tex.Civ.App., 1963, error ref., n. r. e.); International Service Ins. Co. v. Boll, 392 S.W.2d 158 (Houston, Tev.Civ.App., 1965, error ref. n. r. e.); Travelers Ins. Co. v. Newson, 352 S.W.2d 888 (Amarillo, Tex.Civ.App., 1961, error ref. n. r. e.); Pan American Ins. Co. v. White, 321 S.W.2d 337 (Dallas, Tex.Civ. App., 1959, no writ); Steel Erection Co. v. Travelers Indem. Co., 392 S.W.2d 713, 715 (San Antonio, Tex.Civ.App., 1965, error ref. n. r. e.). See also: 45 C.J.S. Insurance § 933, p. 1055; 44 Am.Jur.2d, Insurance § 1539, p. 419; and the annotation in 50 A.L.R.2d 458, § 9, p. 472.

Richardson relies upon certain statements found in *Boll,* supra, and in the decision of Cook v. Ohio Cas. Ins. Co., 418 S.W.2d 712

(Texarkana, Tex.Civ.App., 1967, no writ), in which the courts did consider outside evidence and did not confine the determination of the question to the allegations found in the pleadings of the third party. The two decisions relied upon by Richardson are inadequate to the task assigned them. In *Boll,* the insured had only one son who was excluded, specifically, from the coverage of the policy, and the pleadings of the third party claimed that it was the son's negligence which caused the damage. The court held, and properly so, that under "the facts of this case", the petition did not allege a claim even potentially within the coverage. (392 S.W.2d at 161.)

*Cook* was a suit to recover the amount of the judgment rendered against the insured in an action which the company had refused to defend. The lack of writ history in *Cook* detracts from its precedential value. Even so, perhaps the case is not out of step in the line of cases which we have set out above for, the court, after citing *Heyden* and *Boll,* says: "These two decisions suggest that the Supreme Court draws a distinction between cases in which the merit of the claim is the issue and those where the coverage of the insurance policy is in question." (418 S.W.2d at pp. 715–716.)

Having considered carefully the allegations in second and third amended petitions of Bolin, we are of the opinion that the insurer was justified in its position that the cause of action was not within the coverage of the policy which it had issued to Richardson. Under the line of cases headed by *Heyden,* it was justified in withdrawing from the defense of the Bolin suit. So holding, the insurer's points complaining of the receipt of other evidence from Richardson, become immaterial.

But, Richardson contends by its second counter-point that "even if there was no coverage under Consolidated's insurance policy," the judgment should be affirmed because the insurer elected to defend (albeit under a full reservation of rights), and "such election obligated Con-

solidated to furnish a full, complete, and continuing defense." The argument is that the insurer had no right to "renege on such defense" once it had been undertaken. Richardson's point would have more persuasiveness if it were supported by *any* authority. It cites none, and our research does not indicate that the proposition advanced has any merit. 45 C.J.S. Insurance § 746, pp. 756–757. See also City of Wichita Falls v. Travelers Ins. Co., 137 S.W.2d 170, 178 (Ft. Worth, Tex.Civ.App., 1940, error dism., judg. cor.).

■ Having concluded that Richardson may not collect the "defense" fee, we turn to its cross-appeal contending that the trial court erroneously denied it a recovery of the "attack" fee. Here, we encounter the insurer's motion to dismiss the cross-appeal upon the ground that Richardson, although having given notice of appeal from the denial of its attack fee, did not perfect its appeal therefrom. No bond or affidavit of inability to make bond (Rules 354 and 355, Texas Rules of Civil Procedure) was filed by Richardson and it did nothing between the entry of the judgment and the filing of its brief containing the cross-point, long after the 30-day period for filing a record in this court under Rule 414, T.R.C.P.

■ The judgment was upon separate and severable claims, one for the defense fee which was allowed, the other for the attack fee which was denied. The insurer properly perfected its appeal from the judgment allowing the defense fee, but took no steps to prevent the favorable aspect thereof from becoming final. Richardson, in this non-jury trial, was not required to file a motion for new trial (Rule 324, T.R.C.P.), but, as to the severable claim for the attack fee, it was required to properly perfect its appeal from the adverse judgment. Jordan v. City of Beaumont, 337 S.W.2d 115 (Beaumont, Tex.Civ.App., 1960, error ref. n. r. e.); Seabrook Land Co. v. Lipscomb, 331 S.W.2d 429 (Houston, Tex.Civ.App., 1960, no writ); Shirey v. Harris, 288 S.W.2d 315 (Ft. Worth, Tex. Civ.App., 1956, no writ); Montgomery v. Coates, 314 S.W.2d 671 (Amarillo, Tex. Civ.App., 1958, error ref. n. r. e.). The claim for the attack fee was completely severable from that of the defense fee and the cross-appeal of Richardson is dismissed.*

■ In any event, the trial court properly declined to award the attack fee. *First*, we have held that the insurer was within its legal rights in withdrawing from the defense of the Bolin suit, thereby holding that Richardson had no claim of any nature against its insurer; and *second*, such attack fees would not be recoverable under the decision of Traders & Gen. Ins. Co. v. Hicks Rubber Co., 140 Tex. 586, 169 S.W.2d 142, 148 (1943). See also, Steel Erection Co. v. Travelers Ind. Co., supra (392 S.W.2d at p. 716). and cases therein cited.

The judgment of the trial court awarding Richardson the defense fees and expenses is here and now reversed and judgment rendered for the insurer. The appeal of Richardson from the judgment denying the attack fees is in all things dismissed. All costs are assessed against Richardson.

Reversed in part and judgment rendered; and, in part, the appeal is dismissed.

---

* Richardson's reliance upon English v. Century Indemnity Co., 342 S.W.2d 366 (San Antonio, Tex.Civ.App., 1961, no writ), is misplaced. In *English* the claim which was allowed upon the cross-appeal was an integral part of the judgment from which English had appealed. The court of civil appeals simply added to the insurer's recovery a sum which had been erroneously deducted by the trial court. The additur was to a part of the judgment from which an appeal had been duly perfected. Here, the two claims were and are separate, only one of which is before us.