TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-94-00679-CV







Barbara Misle, Appellant



v.




State Farm Mutual Automobile Insurance Company, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 93-07244, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING








 In its suit for declaratory relief, State Farm Mutual Automobile Insurance Company
recovered summary judgment that it had no duty to defend under the liability-insurance provisions
of Opal Ogiste's automobile-insurance policy. Defendants in the cause were Ogiste, Barbara
Misle Freund, Duane Howard, Christopher David Meador, and Octavio Hopeton Simms. Misle
alone appeals from the judgment below. We will affirm the trial-court judgment.



THE CONTROVERSY



 Howard drove Ogiste's automobile, then permitted Meador to operate the
automobile while Simms and Howard rode as passengers. Howard instructed Meador to drive on
Sixth Street in Austin in order that they might, for "fun," shoot at people with an air rifle or "BB
Gun." They stopped for a traffic signal. Concealing himself in the back seat of the automobile,
Howard shot into a crowd of people about fifteen feet away while resting the air rifle on the
window ledge. He hit Misle in the chest or abdomen. Howard hid the air rifle in the automobile
when a man approached. The occupants used the automobile to flee the scene.

 Because of her slim build and the short distance from which she was shot, the "BB"
penetrated Misle's chest or abdomen and required emergency surgery. She sued Howard,
Meador, and Simms on claims of negligence and gross negligence, alleging alternatively that the
shooting and its consequences were intentional. She joined as defendants Ogiste and the owners
of the air rifle. In a deposition taken in Misle's suit, Howard testified that he intended, by
shooting the air rifle at people, "not to hurt anyone" but to "laugh at their reaction." Meador
testified by deposition that he and Simms told Howard to stop the shooting, but "he did it again,
and we told him again." The depositions are part of the summary-judgment record in the present
cause.

 State Farm sued in the present cause for declaratory judgment that it had no duty
to defend Howard, Meador, or Simms, naming them as defendants along with Ogiste and Misle. 
State Farm moved for summary judgment on the ground that the coverage provided by the liability
section of Ogiste's policy did not extend to intentional injuries or to injuries not caused by an
"auto accident." The trial court rendered summary judgment without stating the grounds therefor. 
In a single point of error, Misle contends the trial court erred in its construction of the policy and
the court's resulting order that State Farm had no duty to defend.



DISCUSSION AND HOLDINGS



 The material facts shown in the summary-judgment record and summarized above
are undisputed. The question before us is whether the record shows as a matter of law that there
was no coverage and thus no duty to defend.

 The insuring agreement obliged State Farm to "pay damages for bodily injury . . .
for which any covered person becomes legally responsible because of an accident." An exclusion
provided, however, that State Farm's obligation did not include liability coverage "for any person
. . . [w]ho intentionally causes bodily injury." It is undisputed that Howard's act of discharging
the air rifle was an intentional act. The first issue raised is whether the record also shows, as a
matter of law, that Howard intended to cause bodily injury, within the meaning of the policy
exclusion, by his intentional act.

 In ascertaining whether an insured intended to cause "bodily injury" by his
intentional act, the supreme court "relies on the definition of intent provided in the Restatement
[Second] of Torts." Under that definition "an insured intends to injure or harm another if he
intends the consequences of his act, or believes they are substantially certain to follow." State
Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 378 (Tex. 1993) (paraphrasing Restatement
(Second) of Torts § 8A (1965)). If the summary judgment records shows that Howard intended,
as a matter of law, that a battery should be the consequence of his act of discharging the air rifle,
then he intended to cause "bodily injury" within the meaning of the policy exclusion.

 The Restatement (Second) of Torts particularizes, as follows, the intent necessary
to a battery:



If an act is done with the intention of inflicting upon another an offensive but not
a harmful bodily contact, or of putting another in apprehension of either a harmful
or offensive bodily contact, and such act causes a bodily contact to the other, the
actor is liable to the other for a battery although the act was not done with the
intention of bringing about the resulting bodily harm.



Restatement (Second) of Torts § 16(1) (1965). Comment a under section 16 states that "it is not
necessary that [the actor] intend to bring about the harmful contact which results from his act. 
It is enough that he intends to bring about an offensive contact or an apprehension of either a
harmful or offensive contact" from which bodily harm results. Id. cmt. a. Illustrations within
the comment hold that liability for the intentional act results even though the actor intends only
a slight contact that would ordinarily cause no bodily harm or intends no contact at all, provided
bodily harm does in fact result from circumstances not foreseen by the actor. Id.

 It is undisputed in the summary judgment record that Howard discharged the air
rifle with the specific intention of getting a "reaction" from those at whom the shots were directed. 
This necessarily means that Howard intended that the "BBs" cause an offensive bodily contact or
the apprehension of such contact; there could be no "reaction" absent such contact or
apprehension. That Howard intended the contact to be offensive was also manifest in Simms' and
Meadors' telling Howard to stop the shooting. It is immaterial under the Restatement that Howard
did not intend the more serious harm actually suffered by Misle. As a matter of law, Howard
intended the offensive contact and that was sufficient under the Restatement to constitute the
intentional tort of battery, or a "bodily injury" in the words of the policy exclusion.

 We believe the summary judgment might also rest correctly upon the ground that
the record showed as a matter of law that Misle was not injured "because of accident" within the
meaning of the insuring agreement. In Argonaut Southwest Insurance Co. v. Maupin, 500 S.W.2d
633 (Tex. 1973), the insuring agreement required the insurer to pay for damages to property
"caused by accident." The court held that when the insured's acts were voluntary and intentional
and the injury was the natural result of the intentional acts, the event was not an accident within
the meaning of the policy even though the particular injury may have been unexpected,
unforeseen, and unintentional. Id. at 635. In S.S., the court took pains to distinguish Argonaut
on two grounds: (1) S.S. did not involve the question of whether the injury was "caused by an
accident;" and (2) the record showed affirmatively that the insured did not intend an injury
because he subjectively believed that herpes was not transmissible in the absence of lesions. See
S.S., 858 S.W.2d at 377-78 n.2. Even though Howard stated in his deposition that he did not
intend to "hurt" anyone, this can only mean under the whole record that he did not intend the
extent of the injury resulting from the battery that he admitted he intended to inflict as a natural
result of his shooting the air rifle.

 Finding no error, we affirm the trial-court judgment.



 

 John Powers, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: September 20, 1995

Publish



a
matter of law, that Howard intended to cause bodily injury, within the meaning of the policy
exclusion, by his intentional act.

 In ascertaining whether an insured intended to cause "bodily injury" by his
intentional act, the supreme court "relies on the definition of intent provided in the Restatement
[Second] of Torts." Under that definition "an insured intends to injure or harm another if he
intends the consequences of his act, or believes they are substantially certain to follow." State
Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 378 (Tex. 1993) (paraphrasing Restatement
(Second) of Torts § 8A (1965)). If the summary judgment records shows that Howard intended,
as a matter of law, that a battery should be the consequence of his act of discharging the air rifle,
then he intended to cause "bodily injury" within the meaning of the policy exclusion.

 The Restatement (Second) of Torts particularizes, as follows, the intent necessary
to a battery:



If an act is done with the intention of inflicting upon another an offensive but not
a harmful bodily contact, or of putting another in apprehension of either a harmful
or offensive bodily contact, and such act causes a bodily contact to the other, the
actor is liable to the other for a battery although the act was not done with the
intention of bringing about the resulting bodily harm.



Restatement (Second) of Torts § 16(1) (1965). Comment a under section 16 states that "it is not
necessary that [the actor] intend to bring about the harmful contact which results from his act. 
It is enough that he intends to bring about an offensive contact or an apprehension of either a
harmful or offensive contact" from which bodily harm results. Id. cmt. a. Illustrations within
the comment hold that liability for the intentional act results even though the actor intends only
a slight contact that would ordinarily cause no bodily harm or intends no contact at all, provided
bodily harm does in fact result from circumstances not foreseen by the actor. Id.

 It is undisputed in the summary judgment record that Howard discharged the air
rifle with the specific intention of getting a "reaction" from those at whom the shots were directed. 
This necessarily means that Howard intended that the "BBs" cause an offensive bodily contact or
the apprehension of such contact; there could be no "reaction" absent such contact or
apprehension. That Howard intended the contact to be offensive was also manifest in Simms' and
Meadors' telling Howard to stop the shooting. It is immaterial under the Restatement that Howard
did not intend the more serious harm actually suffered by Misle. As a matter of law, Howard
intended the offensive contact and that was sufficient under the Restatement to constitute the
intentional tort of battery, or a "bodily injury" in the words of the policy exclusion.

 We believe the summary judgment might also rest correctly upon the ground that
the record showed as a matter of law that Misle was not injured "because of accident" within the
meaning of the insuring agreement. In Argonaut Southwest Insurance Co. v. Maupin, 500 S.W.2d
633 (Tex. 1973), the insuring agreement required the insurer to pay for damages to property
"caused by accident." The court held that when the insured's acts were voluntary and intentional
and the injury was the natural result of the intentional acts, the event was not an accident within
the meaning of the policy even though the particular injury may have been unexpected,
unforeseen, and unintentional. Id. at 635. In S.S., the court took pains to distinguish Argonaut
on two grounds: (1) S.S. did not involve the question of whether the injury was "caused by an
accident;" and (2) the record showed affirmatively that the insured did not intend an injury
because he subjectively believed that herpes was not transmissible in the absence of lesions. See
S.S., 858 S.W.2d at 377-78 n.2. Even though Howard stated in his deposition that he did not
intend to "hurt" anyone, this can only mean under the whole record that he did not intend the
extent of the injury resulting from the battery that he admitted he intended to inflict as a natural
result of his shooting the air rifle.

 Finding no error, we affirm the trial-court judgment.



 

 John Powers, Ju