**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

v.

**Howard L. HAWKINS, Kevin Hawkins, and Howard L. Hawkins, Jr., Defendants,**

and

**Gerald Whitehead, Rose Whitehead, and Starlette Whitehead, Intervenors.**

**No. 6:95CV448.**

United States District Court, E.D. Texas, Tyler Division.

May 20, 1996.

---

Jules Gene Bailey, Law Offices of J. Gene Bailey, Longview, TX, for plaintiff.

Myla Grace Mayberry, Law Office of Myla G. Mayberry, Longview, TX, for Howard L. Hawkins, Kevin Hawkins, Howard L. Hawkins, Jr.

James Andrew Holmes, Wellborn, Houston, Adkison, Mann, Sadler & Hill, Henderson, TX, for Gerald Whitehead, Rose Whitehead, Starlette Whitehead.

## ORDER

STEGER, District Judge.

On this day came on to be considered *Plaintiff's Motion for Summary Judgment, Intervenors' Cross–Motion for Summary Judgment, Intervenors' Supplemental Cross–Motion for Summary Judgment, and Intervenors' Second Supplemental Cross–Motion for Summary Judgment.* After careful consideration, the Court is of the opinion that the following Order should issue.

The fact issues in this case are not in dispute. The parties have agreed that the only issues for the Court to decide involve questions of law. This case arises from an incident occurring in Longview, Texas, on July 10, 1994. The incident involved a van owned by Defendant Howard Hawkins, Sr., driven by Defendant Howard Hawkins, Jr., and occupied by Defendant Kevin Hawkins, and a pickup truck driven by Brent Taylor, in which Intervenor Starlette Whitehead was a passenger.

As the vehicles were leaving a traffic signal, Kevin Hawkins fired a 9 millimeter pistol into the Taylor vehicle, killing the driver, Brent Taylor. The truck left the road and collided with a concrete column. The Intervenor, Starlette Whitehead, a passenger in the Taylor truck, sustained injuries in this collision. She has brought a claim in Texas State court against the Hawkins, seeking damages for her injuries. State Farm Mutual Automobile Insurance Company, the Hawkins' automobile insurance carrier, brings this action in this Court for declaratory judgment, seeking a declaration that it has no duty to defend or to indemnify the Hawkins in the underlying State court action against them.

The questions before the Court, and thoroughly briefed by the parties, relate to the insurance policy language. Specifically, the definition of an "automobile accident," the construction of the terms "ownership, maintenance, or use," and the intentional injury exclusion of the policy. The Court will dispose of the case on the first issue, and therefore will not reach the "ownership, maintenance, or use" or the intentional injury issues.

The Hawkins' insurance policy provides that State Farm will pay for damages which arise from "an automobile accident." The policy does not define the term "automobile accident," but the Court finds the term to be unambiguous, and will thus employ its ordinary meaning. *Coker v. Coker,* 650 S.W.2d 391 (Tex.1983).

The Texas Supreme Court defined the term "accident" in *Argonaut Southwest Insurance Company v. Maupin,* 500 S.W.2d 633 (Tex.1973). Using language directly applicable to the instant case, the Court held, "The respondent's acts were voluntary and intentional, even though the result may have been unexpected, unforeseen, and unintended," and therefore the damage in question did not result from an accident. *Id.* at 635.

In the case at bar, the Defendant Kevin Hawkins did not intend to injure Starlette Whitehead, the passenger in Brent Taylor's truck. But he has admitted that he intentionally fired a pistol into the truck (Judgment on Plea of Guilty, No. 23, 167–B, 124th District Court, Gregg County, Texas, January 4, 1996). Clearly the injuries to Starlette Whitehead were a direct result of his act.

Kevin Hawkins acted with intent, and not accidentally, and thus the occurrence was no accident.

It might be argued that the collision of the Taylor truck with the concrete column was an auto accident. With regard to the Taylor vehicle, this is certainly true, as Brent Taylor did not intentionally drive his truck into the column. But this does not bring the incident under the terms of the Hawkins insurance policy.

In *Misle v. State Farm Mutual Automobile Insurance Co.,* 908 S.W.2d 289 (Tex. App.—Austin 1995, no writ), the facts were quite similar to those before the Court today. A passenger in a vehicle insured by State Farm fired an air rifle into a group of people standing on the sidewalk. *Id.* at 290. An individual hit with a projectile from the gun was injured and brought suit against the driver and the shooter. *Id.*

The trial court granted State Farm summary judgment, ruling that the insurance company had no duty to defend the case, as the injuries were intentional and did not result from an "auto accident." *Id.* The Austin Court of Appeals upheld the summary judgment for State Farm, holding that the incident was not an "auto accident," and therefore not covered by the policy. *Id.* at 292.

Another Texas Appeals Court has ruled on this issue. In *Collier v. Employers National Insurance Co.,* the Houston Fourteenth District Court of Appeals held that there was no coverage under an Uninsured Motorist provision of an insurance policy, where the insured was shot in his vehicle by an individual in a passing car. 861 S.W.2d 286 (Tex. App.—Houston [14th Dist.] 1993, writ denied).

In addressing the "use" requirement, the Court stated, "The same injury could have been suffered in the same way if the parties had been on foot, on bicycles, or in any other of a number of circumstances. Allowing coverage simply because an automobile provided the site for a criminal assault or provided transportation to the location of a criminal act could lead to absurd and wide-ranging

results." *Id.* at 289. Allowing coverage in the instant case would be just such a result.

Kevin Hawkins intentionally fired his pistol into Brent Taylor's truck. This was no "auto accident" with regard to him or the vehicle in which he was riding. The Court therefore finds that the injuries to Starlette Whitehead did not result from an automobile accident under the terms of the policy, but from an intentional act.

As the injuries in question did not result from an automobile accident, the Court finds that the Plaintiff has no duty to defend or to indemnify the Defendants in Cause No. 95–099, Fourth Judicial District Court, Rusk County, Texas. It is therefore

**ORDERED** that the *Plaintiff's Motion for Summary Judgment* is **GRANTED.** It is further

**ORDERED** that all relief not expressly granted is **DENIED.**