97169cvc.wrv.wpd















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-169-CV

Â Â Â Â Â DANIEL J. PETERS AND WIFE,
Â Â Â Â Â MERCEDES J. PETERS,Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellants
Â Â Â Â Â v.

Â Â Â Â Â STATE FARM LLOYDS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 
Â 
From the 74th District Court
McLennan County, Texas
Trial Court # 96-2529-3
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Dan and Mercedes Peters were sued for alleged DTPA violations in the sale of their house. 
Under the Petersâ homeowners policy, State Farm agreed to pay for their defense subject to a
reservation of rights. After a jury found a âknowingâ violation of the DTPA, State Farm
withdrew. The Peters sued State Farm for negligence and breach of contract. State Farm moved
for summary judgment, which the trial court granted. The Peters appeal, urging that State Farmâs
motion for summary judgment did not properly address each of their causes of action.
FACTS
Â Â Â Â Â Â In July 1993, Dan and Mercedes Peters sold their home at 208 Castle, Waco, Texas, to
Michael Carabine for $220,000. In 1995, Carabine sued the Peters, alleging that they had made
false representations concerning the condition of the house, representing it to be in good condition
and not in need of any major repairs. Carabine also asserted that the Texas Deceptive Trades
Practices and Consumer Protection Act (the âDTPAâ) had been âknowinglyâ violated. He alleged
that the Peters represented the house to be in good condition, but after moving in, he discovered
considerable damage to the house, its roof, its foundation and subflooring which was known to the
Peters at the time of the transaction and which they failed to disclose. Some specific problems
alleged by Carabine include:
Â Â Â Â Â Â 1. Accumulated surface waters beneath the first floor bedrooms resulted in foundation damage,
the rotting away of joists, sills and girders, rotting of the carpeting, and damage to the baseboards. 
Carabine alleged that this problem was clearly known to the Peters as evidenced by throw rugs
which had been placed over the holes in the rotted carpet and holes which had been cut in the floor
of the closets to allow access to the area beneath the floor for inspection. 
Â Â Â Â Â Â 2. Serious leaks in the roof allowed rain water to enter the interior of the house and cause
significant damage. Evidence that this condition was known to the Peters included the existence
of a washtub in the attic to catch rain water entering the house. Since the Peters did not disclose
the existence of the leaks or the tub, Carabine did not discover it until the tub overflowed, causing
serious damage to the rooms below. Additionally, cloth and foam rubber had been placed beneath
other leaks in the attic in an attempt to protect the rooms below from further water damage.
Â Â Â Â Â Â 3. A wall constructed by the Peters in the master bedroom concealed the original exterior wall,
including the wooden framing members and the window frames which were rotted as a result of
water penetration.
Â Â Â Â Â Â 4. Rotted wood on the exterior of the house was freshly painted by the Peters (who operate
a paint contracting business) to disguise its condition. 
Â Â Â Â Â Â State Farm undertook the defense under a homeowners policy issued to the Peters, but by letter
specifically reserved the right to deny coverage on the ground the allegations in the petition did not
state an âoccurrenceâ as defined in the policy and also reserved the right to withdraw if State Farm
determined there was no duty to defend. The first reservation-of-rights letter was dated March 7,
1995, and was followed with a supplement dated April 20, 1995. The case went to trial in July of
1996. At the conclusion of the trial, the jury found the Peters had engaged in a false, misleading
or deceptive act or practice and that this was done âknowingly.â Judgment against them was
entered on July 30.
Â Â Â Â Â Â After judgment, the Peters requested that State Farm indemnify them and either pay the
judgment or arrive at a settlement that would release them from any liability. On August 7, 1996,
seven days after entry of judgment, State Farm advised the Peters that there would be no coverage
under their homeowners policy for the judgment based on the jury finding that they acted
âknowingly.â After receiving this notification, the Peters requested that State Farm continue to
represent them on appeal. On August 16, 1996, sixteen days after judgment was entered, State
Farm refused, based on its determination that no duty to defend or pay existed under the policy. 
Â Â Â Â Â Â On August 14, 1996, the Peters filed suit against State Farm on various grounds. State Farm
filed a Motion for Summary Judgment alleging they had no duty under the Petersâ policy, and
therefore, no duty to pay for the appeal or pay the judgment. The trial court granted State Farmâs
motion. On appeal, the Peters claim any right that State Farm had to abandon their defense was
expressly conditioned âupon reasonable notice.â The Peters claim the summary judgment was
limited to whether an obligation to pay the judgment existed by reason of a jury finding that the
Peters had âknowinglyâ violated the DTPA, and did not consider the issue of whether the
abandonment of State Farmâs representation was done without reasonable notice.
STANDARD OF REVIEW
Â Â Â Â Â Â In a summary judgment case, the question on appeal is whether the summary judgment proof
establishes, as a matter of law, that there is no genuine issue of material fact as to one or more of
the essential elements of the cause of action. Gibbs v. Gen. Motors Corp., 450 S.W.2d 827, 828
(Tex. 1970). To prevail on the motion for summary judgment, State Farm must establish that there
is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R.
Civ. P. 166A(c); Randallâs Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Nixon
v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985); City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 675-79 (Tex. 1979). In reviewing a summary judgment, we must
accept all evidence favorable to the non-movant as true, indulging every reasonable inference and
resolving all doubts in favor of the non-movant. Nixon, 690 S.W.2d at 548-549; El Chico Corp.
v. Poole, 732 S.W.2d 306, 315 (Tex. 1987). A defendant who moves for summary judgment must
show that no material issue of fact exists as to plaintiffâs cause of action. Griffin v. Rowden, 654
S.W.2d 435, 436 (Tex. 1983). Only uncontroverted evidence supporting the movantâs position can
be considered. See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply, 392 S.W.2d 41,
47 (Tex. 1965).
Â Â Â Â Â Â Additionally, a party may not be granted a summary judgment on a cause of action not
addressed in a summary judgment proceeding. Chessher v. Southwestern Bell Tel. Co., 658
S.W.2d 563, 564 (Tex. 1983). The Supreme Court in McConnell explains that if a pleading alleges
several causes of action upon which the relief sought might be granted, a motion for summary
judgment which merely attacks one asserted cause of action is insufficient as a matter of law to
support a general take-nothing summary judgment. McConnell v. Southside School I.S.D., 858
S.W.2d 337, 339 (Tex. 1993). 
NO DUTY UNDER THE POLICY
Â Â Â Â Â Â State Farm asserts that no insurance coverage exists for the judgment entered against the
Peters, because there was no âoccurrence,â which is defined in the policy as an âaccidentâ which
results in âbodily injuryâ or âproperty damage.â In Metropolitan Prop.& Cas. Co. v. Murphy,
896 F. Supp. 645 (E.D. Tex. 1995), the court held that a misrepresentation or failure to disclose
information within the meaning of the DTPA does not constitute an âoccurrenceâ under a Texas
homeowners policy. Additionally, the Supreme Court has held that there is no âaccidentâ and
therefore no âoccurrenceâ where the insuredâs conduct is voluntary and intentional, even though
the result or injury may be unexpected, unforeseen, or unintended. Trinity Universal Ins. Co. v.
Cowan, 40 Tex. Sup. Ct. J. 583, 590, 1997 WL 253330 (May 16, 1997); Argonaut Southwest Ins.
Co. v. Maupin, 500 S.W.2d 633, 635 (Tex. 1970). In a similar DTPA case, the Fort Worth Court
of Appeals held that an insurer had no duty to defend because false statements made knowingly did
not constitute an occurrence as defined in the insurance policy. State Farm Lloyds v. Kessler, 932
S.W.2d 732, 739 (Tex. App.âFort Worth 1996, writ denied) (citing Maupin, 500 S.W.2d at 635;
Misle v. State Farm Mut. Auto Ins. Co., 908 S.W.2d 289, 291 (Tex. App.âAustin 1995, no writ)).
Â Â Â Â Â Â The allegations against the Peters all revolved around the intentional acts of fraudulently
representing the condition of the house and hiding the physical damage. In Houston Petroleum,
the court held that fraudulent representations, false promises, and untrue statements do not, as a
matter of law, fall within the plain meaning of the term âoccurrence.â Houston Pet. Co. v.
Highlands Ins. Co., 830 S.W.2d 153, 156 (Tex. App.âHouston [1st Dist.] 1990, writ denied). 
 We agree that for State Farm to have any liability to the Peters under their policy, it must first be
established that there was an âoccurrenceâ as defined in the policy. Because the jury determined
that the Petersâ misconduct triggered their liability and not the rotting floor or the leaking roof, the
facts found in the underlying case do not constitute an âoccurrenceâ and therefore fall outside the
scope of coverage under the policy. 
BREACH OF CONTRACT 
Â Â Â Â Â Â The Peters claim that the breach of contract cause of action based on their homeowners
insurance policy was not addressed by State Farm. We disagree.
Â Â Â Â Â Â As asserted by State Farm in their motion for summary judgment, an insurerâs duty to defend
is usually determined by looking solely at the allegations in the pleadings of the underlying suit in
light of the insurance policy provisions, regardless of the truth of those allegations. This is the
âeight corners rule.â Argonaut, 500 S.W.2d at 635; Two Pesos, Inc. v. Gulf Ins. Co., 901 S.W.2d
495, 499 (Tex. App.â Houston [14th Dist.] 1995, no writ). As a general rule, there may be no
recovery where the insured is not entitled to benefits under the insurance policy which establishes
the duties of the insurer. See Republic Ins. Co. v. Stoker, 903 S.W.2d 338 (Tex. 1995) (citing 15A
RHODES, COUCH ON INSURANCE LAW 2d Â§ 58:1 at 249 (Rev. ed. 1983)). If pleadings
allege facts within coverage or would allow evidence to be introduced on a claim within coverage,
the insurer must defend. Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co., 387 S.W.2d
22, 26 (Tex. 1965). However, an insurer may properly withdraw if the petition is amended so as
to terminate the duty to defend. Rhodes v. Chicago Ins. Co., 719 F.2d 116, 119 (5th Cir. 1983)
(applying Texas law). In Consolidated Underwriters v. Lloyd W. Richardson Constr. Corporation,
444 S.W.2d 781 (Tex. Civ. App.â Beaumont 1969, writ refâd n.r.e.), the carrier had been
defending the insured under a non-waiver agreement, but after the petition against the insured was
amended to allege facts that fell within a policy exclusion, the insurer withdrew its defense. The
court held this was justified. Id. at 784.
Â Â Â Â Â Â Similarly, once a verdict is rendered which determines that coverage does not exist, the insurer
no longer has a duty to defend and can properly withdraw. In City of Bozeman v. AIU Ins. Co.,
865 P.2d 268 (Mont. 1993), the insurer refused to represent the City of Bozeman on appeal after
a judgment was entered against the City for damages that were not covered under the policy. The
court held that because there were no issues on appeal relating to claims that would be covered
under the policy, the insurer did not have a contractual obligation to continue representation of the
insured on appeal. Id. at 273. Following this authority, we believe that State Farm had no further
duty to the Peters under the policy itself after the coverage question was resolved by the juryâs
findings.
REASONABLE NOTICE
Â Â Â Â Â Â However, State Farm also obligated itself by a reservation-of-rights letter to give reasonable
notice prior to withdrawing from the Petersâ defense. The Peters claim a fact issue exists about
whether State Farm gave âreasonable notice.â We believe, however, such notice is conclusively
established as reasonable by the record. 
Â Â Â Â Â Â The Peters were informed by letter approximately one year before trial that a âknowingâ
finding by the jury would eliminate any duty State Farm owed both as to coverage and as to their
defense. The Peters hired separate counsel prior to the entry of judgment after being told that State
Farm would withdraw if a âknowingâ finding were returned. The Peters commenced this lawsuit
against State Farm on August 14, 1996, two days prior to State Farmâs official notice that it was
withdrawing payment for the Petersâ defense. The summary judgment evidence establishes that
State Farm officially notified the Peters of withdrawal on August 16, 1996, sixteen days after the
judgment was entered, not 73 days after rendition of the judgment as the Peters allege. The record
shows that the Peters were fully aware of State Farmâs potential withdrawal.
Â Â Â Â Â Â A matter is conclusively established and therefore properly disposed of by summary judgment
if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. Triton Oil &
Gas Corp. v. Marine Contractors & Supply, Inc., 644 S.W.2d 443, 446 (Tex. 1982) (citing Joske
v. Irvine, 91 Tex. 574, 44 S.W. 1059, 1063 (1898)). Since ordinary minds could not differ on the
question of âreasonable notice,â the trial court properly disposed of this issue as it relates to the
Petersâ claim of breach of contract. We overrule point three. 
NEGLIGENCE
Â Â Â Â Â Â The Peters allege that whether State Farm acted negligently in withdrawing from their defense
was not attacked by the motion for summary judgment. They assert that State Farmâs motion for
summary judgment was limited solely to the question of whether it was obligated to pay the
judgment in light of the jury finding that the Peters âknowinglyâ violated the DTPA. The Peters
alleged: (1) abandonment of their defense without reasonable notice; (2) negligence in (a) failing
to settle prior to trial, (b) allowing the jury to find knowing conduct, and (c) expressly and
impliedly representing that their interests would be protected; (3) breach of contract; and (4) breach
of the duty of good faith and fair dealing.
Â Â Â Â Â Â State Farmâs position on appeal is that the negligence cause of action has no basis in law in
Texas. The Supreme Court in Maryland Ins. Co. v. Head Indus., 938 S.W.2d 27 (Tex. 1996),
held that in the context of third party insurance cases, Texas law recognizes only the tort duty
established in Stowers Furniture Co. v. American Indem. Co., 15 S.W.2d 544 (Tex. Commân
App.1929, holding approved). No Texas case has recognized a cause of action for negligently
handling a claim by wrongfully refusing to defend the insured. See United Serv. Auto. Assân v.
Pennington, 810 S.W.2d 777, 783 (Tex. App.âSan Antonio 1991, writ denied). Stowers is not
triggered unless three prerequisites are met: (1) the claim against the insured is within the scope
of coverage, (2) the demand is within the policy limits, and (3) the terms of the demand are such
that an ordinarily prudent insurer would accept it. American Physicians Ins. Exch. v. Garcia, 876
S.W.2d 842, 849 (Tex. 1994) (citing Stowers). Since the Petersâ claim is not within the scope of
coverage, State Farm says any tort claim fails under the first prong of the Stowers test and therefore
there is no genuine issue of fact as to the negligence claim.
Â Â Â Â Â Â However, State Farmâs position is undermined by its failure to address the negligence claim
in its motion for summary judgment; thus, the summary judgment is improper. See McConnell,
858 S.W.2d at 341. The Supreme Court stated in Chessher and confirmed in McConnell that a
party may not be granted a summary judgment on a cause of action not addressed in a summary
judgment proceeding. Id.; Chessher, 658 S.W.2d at 564. A motion must stand or fall on the
grounds expressly presented in the motion. McConnell, 858 S.W.2d at 341. In Roberts v.
Southwest Texas Methodist Hosp., 811 S.W.2d 141, 146 (Tex. App.âSan Antonio 1991, writ
denied), the court of appeals stated:
There is nothing onerous or unreasonable about requiring the movant to state the grounds upon
which he seeks to win a lawsuit without a trial. If the grounds are so obvious from the
summary judgment proof, what is burdensome about requiring the movant to state them in the
motion? Grounds may be stated concisely, without detail and argument. But they must at least
be listed in the motion.
Â 
Because State Farm failed to address the claim in its motion for summary judgment, we reverse
the summary judgment as to the Petersâ negligence claim.
Â Â Â Â Â Â Having considered all of the Petersâ points, we affirm the summary judgment as to the breach
of contract issues which stand as a partial summary judgment, and reverse as to the negligence
cause of action. Bandera Electric Coop., Inc. v. Gilchrist, 946 S.W.2d 336 (Tex. 1997). The
cause is remanded to the trial court for further proceedings consistent with this opinion. 
Â 
Â 
BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Â 
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Affirmed in part, reversed in part, and remanded
Opinion delivered and filed October 1, 1997
Do not publish



imes"'> 

Â 

   *
Â(I would sustain issues two and three but find the errors harmless in light of
the overwhelming evidence of MeredithÂs guilt.Â  The overwhelming evidence of
guilt renders the StateÂs need for the extraneous-offense evidence nil.Â  See
Manning v. State, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003) (fourth
factor).)Â









[1]
Â Â Â Â Â Â Â Â Â  In fact, Meredith was rendered
unconscious during the struggle.Â  Deputy Peterson testified that Meredith
received prompt medical attention after he was placed in handcuffs.





[2]
Â Â Â Â Â Â Â Â Â  However, there is no indication
in the record that Peterson told Meredith what the warrant was for.