**ARGONAUT SOUTHWEST INSURANCE COMPANY, Petitioner,**

v.

**Louise K. MAUPIN et al., d/b/a Maupin Construction Company, Respondents.**

**No. B–3664.**

Supreme Court of Texas.

Oct. 17, 1973.

Rehearing Denied Nov. 21, 1973.

———◆———

Anderson, Henley, Shields, Bradford & Pritchard, L. W. Anderson, Dallas, for petitioner.

Kampmann, Church & Burns, Harry Burns, Huson, Clark & Thornton, Robert B. Thornton, San Antonio, for respondents.

DENTON, Justice.

This suit by Louise K. Maupin, et al, d/b/a Maupin Construction Company, arose out of a suit filed against them by Theo P. Meyer, Eugene L. Meyer and Theo P. Meyer, Jr., to recover damages to the Meyers' property. Argonaut Southwest Insurance Company, Maupin's insurer and petitioner here, refused to defend the Meyers' suit after timely notice. Maupin then brought this suit against Argonaut for the amount of the Meyers' judgment against Maupin and attorney's fees. The trial court, without a jury, granted judgment against Argonaut, the insurer, upon an agreed statement of facts. The court of civil appeals affirmed the trial court's judgment except for attorney's fees, and held the insurer had no duty to defend the suit which was based on an intentional tort. 485 S.W.2d 291.

In July 1965, the plaintiff below, Maupin Construction Company, entered into a contract with the State of Texas to make certain improvements to a state highway in Travis County, Texas. The contract required Maupin to obtain and furnish borrow material for roadway fills. Thereafter, Eugene J. Reilly, one of the partners of the Maupin Company, entered into an agreement to purchase borrow material

from Fred. J. Kipper of Austin. Approximately 5,744 cubic yards of borrow material was subsequently removed from this property occupied by Kipper. It was later determined that Kipper was not the owner of the property, but was merely a tenant in possession. The true owners of the property were the three men named Meyer, who subsequently brought suit against Maupin in trespass alleging that Kipper was not authorized to execute the agreement in question. The Maupin Company thereupon called upon its insurance carrier, Argonaut Insurance Company, to defend such suit. The insurance company denied coverage and refused to defend. The Maupin Company provided its own defense and subsequently paid the judgment rendered against them in the amount of $4,000. Maupin then filed this present suit against Argonaut to recover the amount it paid on the Meyer Judgment plus attorney's fees. The trial court entered judgment against Argonaut for the amount of the judgment plus $1,000 attorney's fees. The principal question to be determined is whether the insurer was required to pay damages because of the injury to property caused by accident or an occurrence within the provisions of the policy.[1]

The respondents contend, and the court of civil appeals held, that the removal of the borrow material from the property owned by the Meyers was an occurrence or accidental damage or injury to the property of another which is included within the provisions of the policy. In so holding the court relied principally upon Massachusetts Bond. & Ins. Co. v. Orkin Exterm. Co., 416 S.W.2d 396 (Tex.1967). That case arose from the alleged damages arising from the application of Lindane, a pesticide, to the rice crop. The jury found that Orkin was negligent in the application of Lindane to the rice and premises of Gulf Coast, which negligence was the proximate cause of damage to the rice. In construing a similar policy, as the one being considered here, the court construed the term "accident" as used in that policy to include negligent acts of the insured causing damage which is undesigned and unexpected. In our opinion this case does not support the position of the insured, respondent herein.

We have not found, nor have we been cited, a Texas authority directly in point. In Langford Electric Co. v. Employers Mut. Indem. Corp., 210 Minn. 289, 297 N.

1. The provisions of the insurance policy pertinent to this suit are as follows:
"Coverage D—Property damage Liability—Except Automobile To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident."
Endorsement No. 7—The letters "UND–1680–RI: 'Occurrence' Basis–Property Damage. 'It is agreed that such insurance as is afforded by the policy under Coverage D—Property Damage Liability—Except Automobile applies subject to the following provisions:
The word 'accident' except as used in Paragraph II hereof is amended to read 'Occurrence.'
The word 'occurrence' as used herein shall mean either (a) an accident, or (b) in the absence of an accident, a condition for which the insured is responsible which during the policy period causes physical injury to or destruction of property which was not intended.

Endorsement No. 2, under Paragraph I: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury sustained by any person or organization and arising out of the following hazards in the conduct of the named insured's business, and the company shall defend any suit against the insured alleging such injury and seeking damages which are payable under the terms of this endorsement, even if any of the allegations of the suit are groundless, false or fraudulent . . . . Hazard C—Invasion of Privacy, Wrongful Eviction or Wrongful Entry.
"Defense, Settlement, Supplementary Payments, with respect to such insurance as is afforded by this policy, the company shall: (a) Defend any suit against the insured alleging such injury, . . . or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent . . . . "

W. 843 (1941), where the insured was granted an easement to install an electric transmission line, but was specifically instructed not to cut trees outside of the easement, the Minnesota Supreme Court denied recovery under a liability insurance policy which covered damages to property caused by accident. The court held that injury caused by accident excludes injury caused by intentional willful trespass of the insured. In Thomason v. United States Fidelity & Guaranty Co., 248 F.2d 417 (5th Cir. 1957), it was held that a liability policy undertaking to pay damages on account of injury to or destruction of property does not cover destruction caused by trespass upon the property. There a bulldozer operator mistakenly went beyond certain iron stakes marking the property line, which he was to observe in his work, and as a result damaged the adjoining property. There the court observed:

"Where acts are voluntary and intentional and the injury is the natural result of the act, the result was not caused by accident even though that result may have been unexpected, unforeseen and unintended. There was no insurance against liability for damages caused by mistake or error. The cause of the injury was not an accident within the meaning of this policy."

See, also, Northam v. Metropolitan Life Insurance Co., 231 Ala. 105, 163 So. 635; Hardware Mutual Casualty Co. v. Gerrits, Fla., 65 So.2d 69.

■ The removal of over 5000 cubic yards of borrow material from the Meyers' property by respondents was intentional and deliberate. Although it may be argued respondents had no intent to injure the Meyers, the removal of the material from the property was done under the authority of the contract with Kipper. The fact damage would occur to the Meyers is not material. The respondents relied upon their own investigation and contract with Kipper to form the basis for the removal of the borrow material. Damage com-plained of here was the removal of the large amount of material from the property. Respondents did exactly what they intended to do. The fact that they did not deal originally with the owners of the property was the mistake or error. There was no insurance against liability for damages caused by mistake or error. The plaintiff's act in trespassing upon the Meyers' property did not constitute an accident. They did what they intended to do by removing the borrow material from the property. The fact that they were unaware of the true owner of the property has no bearing upon whether the trespass was caused by accident. The respondent's acts were voluntary and intentional, even though the result or injury may have been unexpected, unforeseen and unintended. We conclude there was no coverage under the policy for damages caused by mistake or error as to the ownership of the property in question. The damage was not an accident or occurrence within the meaning of this policy.

By cross-point respondent complains of the holding of the court of civil appeals that the insurer was not liable for attorney's fees in that the insurer was under no duty to defend the case filed by the Meyers.

■ The petitioner's duty to defend is determined by the allegations of the petition when considered in the light of the policy provisions without reference to the truth or falsity of such allegations. Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co., 387 S.W.2d 22 (Tex.1965); Maryland Casualty Co. v. Moritz, 138 S.W.2d 1095 (Tex.Civ.App.1940, writ ref'd.); Kahla v. Travelers Insurance Company, 482 S.W.2d 928 (Tex.Civ.App.1972, writ ref'd. n. r. e.).

Under "Coverage D" the insurer is not required to pay because one is alleged to be legally responsible, but because the insured has been adjudicated to be legally responsible. The coverage under "Defense, Settlement, and Supplementary Payments," is en-

tirely different from the coverage under "Coverage D." No legal determination of ultimate liability is required before the insurer becomes obligated to defend the suit. That paragraph has reference to a suit seeking to recover damages that are covered under "Coverage D" and under endorsement No. 2. The duty to defend does not depend on what the facts are, or what might be determined finally by the trier of the facts. It depends only on what the facts are alleged to be.

The allegations in the prior suit were in part as follows:

"Heretofore towit during the month of December, 1965, the partnership, intentionally, wrongfully, and wilfully broke plaintiffs' close, and entered into and upon the land and premises of the plaintiffs, without their consent, and trespassed upon plaintiffs' land to the serious damage of plaintiffs, being the land and premise of the plaintiffs lying in Travis County, Texas, located on the Bee Cave Road, about seven miles west of the City of Austin, said premises known as Cedarcrest.

"The partnership, its agents, servants, and employees took and appropriated to their own use, with the intent to so appropriate the same, sand, dirt, and gravel, and rock to be incorporated and consumed in its highway project heretofore referred, being towit 5,744 cubic yards of said sand, dirt, and gravel, and rock, and said materials were actually used and consumed in said project. The reasonable cash market value of said material at said time and place was the sum of twenty-five (25¢) cents per cubic foot or the sum of $1,438.50, in which amount by its wrongful appropriation the partnership was benefited; and in law and equity the defendants owe the plaintiffs restitution by way of quasi contract.

\*      \*      \*      \*      \*      \*

"V.

"The trespass and appropriation of plaintiff's property was wilful, and without excuse, and defendants have become liable to plaintiffs for such wilful and intentional act for exemplary damages in the sum of $2,500."

In considering the allegations of the petition together with the policy provisions, we are of the opinion the court of civil appeals was correct in holding that the insurer had no duty to defend the prior suit. The suit was one in trespass for the insured's "intentionally, wrongfully and wilfully" entering upon the Meyers' property and inflicting damage thereon. An intentional tort is neither an "accident" nor "occurrence" within the terms of the policy; and as a result, petitioner had no duty to defend in the prior suit.

The judgments of the courts below are reversed and judgment is rendered that the plaintiff take nothing.