Daniel Harry EAMES, Appellant,

v.

ST. PAUL TITLE INSURANCE
COMPANY, et al., Appellee.

No. 10–83–032–CV.

Court of Appeals of Texas,
Waco.

June 23, 1983.

Rehearing Denied July 21, 1983.

Kenneth C. Kaye, League City, for appellant.

Harry J. Martin, Jr., Hunter, Vineyard, Drake & Miller, Dallas, Jackson R. Hanks, Jackson R. Hanks, P.C., Palestine, William R. Allensworth, Haynes & Boone, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Eames from summary judgment he take nothing in his suit against defendants (1) St. Paul Title Insurance Company and Freestone County Title and Abstract Company (insurance defendants), and 2) Executors and heirs of the Knowles Estate (individual defendants).

Plaintiff Eames sued defendants (1) St. Paul and Freestone County Title; and (2) Executors and heirs of the Knowles Estate, alleging plaintiff purchased a 332.19 acre tract of land from the Knowles Estate September 28, 1976, for a consideration of $107,958.18, and that the Knowles heirs in their deed to him warranted "to forever defend all and singular the said land to plaintiff * * against every person whomsoever lawfully claiming or to claim the same, or any part thereof"; that St. Paul and Freestone issued plaintiff a title policy insuring the title of the land conveyed for $107,958.18; that Searcy Lee Johnson has sued him seeking a portion of the land conveyed. Plaintiff sued for breach of the individual defendants' warranty and for breach of the insurance defendants' title policy, and sought damages for the defense of Searcy Lee Johnson's suit and for the value of any recovery Searcy Lee Johnson should show himself entitled to.

The asserted title failure involves a portion of the mineral interest under a four-

acre tract out of a described 12.15-acre tract out of the total land conveyed.

The insurance defendants moved for summary judgment on the ground that the title policy issued by them excluded all minerals reserved in a deed from Jessie Lee Johnson to R.L. Knowles dated July 5, 1938 (which covers the interest Searcy Lee Johnson has filed suit against plaintiff claiming title to).

The Knowles heirs moved for summary judgment asserting that the title policy issued by the insurance defendants excepted the mineral interest sued for and that plaintiffs had knowledge of such exception; and further by virtue of a quit claim deed executed to them by Mike Myers dated September 24, 1976, (and recorded on November 12, 1976) they had acquired title to the mineral interest involved in this litigation and that such was conveyed to plaintiff by their deed to plaintiff.

The trial court granted both the (1) insurance defendants, and (2) individual defendants motions for summary judgment, and decreed plaintiff take nothing against both sets of defendants.

Plaintiff appeals on 2 points: (1) the trial court erred in granting summary judgment for the Knowles heirs; and (2) the trial court erred in granting summary judgment for St. Paul and Freestone County Abstract Company.

Point 1 asserts summary judgment against Knowles heirs improper because of plaintiff's knowledge of title defects indicated by the policy exception.

■ Grantee's actual or constructive knowledge of title defects does not relieve grantor of warranty obligations. *City of Beaumont v. Moore*, S.Ct. 202 S.W.2d 448. The individual defendants were thus not entitled to summary judgment on this ground.

Point 1 further asserts summary judgment erroneous because the Knowles heirs must warrant all of the interest which they conveyed to plaintiff.

The record reflects that Jesse Lee Johnson conveyed the 12.15-acre tract (the 4 acres here involved) to the Knowles in 1938,

but retained the minerals; that in 1947 Jesse Lee Johnson conveyed one-fourth the minerals under the 12.15-acre tract to Searcy Lee Johnson; that in 1974 Searcy Lee Johnson conveyed such one-fourth minerals to Mike Myers; that on September 24, 1976, Mike Myers quit-claimed his interest in the minerals to the Knowles; and that on September 28, 1976, the Knowles conveyed to plaintiff Eames one-half of the minerals owned by them (which was one-fourth) under the 12.15 acres (one-eighth of the minerals under the 4 acres).

Searcy Lee Johnson by suit seeks a portion of the land conveyed by the Knowles to plaintiff and which land interests were warranted by the Knowles.

The individual defendants were thus not entitled to summary judgment.

Point 1 is sustained.

■ Point 2 asserts summary judgment for the insurance defendants erroneous.

The policy of title insurance sued on excepts from its coverage:

"5. All minerals reserved in Deed dated 7–5–1938, from Jesse Lee Johnson to R.L. Knowles et al, recorded in Vol. 152, pg. 236, Deed Records, Freestone County, Texas. (This covers the 12.15 acres in the S. Lauderdale Survey, only)".

Searcy Lee Johnson's petition against plaintiff alleges Searcy to be successor in title to the mineral estate described in:

"Warranty deed dated July 5, 1938, from Jesse Lee Johnson to R.L. Knowles, et al, conveying the surface estate of said 12.15 acres described in Exhibit "A". Said instrument is recorded in Vol. 152, page 236 of the Deed Records of Freestone County, Texas".

The insurance defendants duty to defend is determined by the allegations of the petition when considered in the light of the policy provisions without reference to the truth or falsity of such allegations. *Argonaut Southwest Ins. Co. v. Maupin*, S.Ct. 500 S.W.2d 633.

Summary judgment was thus proper as to the insurance defendants.

Point 2 is overruled.

We reverse individual defendants summary judgment and remand for trial. We affirm insurance defendants summary judgment.

Costs of appeal taxed ½ against the Knowles heirs and ½ against Eames.

REVERSED & REMANDED IN PART, AFFIRMED IN PART.