11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

William
Curb

Appellant

Vs.                   No.
11-03-00406-CV -- Appeal from Eastland County

Texas
Farmers Insurance Company

Appellee

 

In this insurance coverage case, the trial court granted
Texas Farmers Insurance Company=s
motion for summary judgment and entered judgment that Texas Farmers had neither
the duty to defend nor the duty to indemnify Curb under a homeowner=s insurance policy that Texas Farmers
had issued to Curb=s parents.  We affirm.

Curb raises three issues on appeal.  In his first issue, Curb maintains that
the trial court erred when it granted Texas Farmers=s
motion for summary judgment because there were genuine issues of material fact
which prevented the entry of a summary judgment.  In his second issue on appeal, Curb
argues that, in a determination of coverage in this case, it would be necessary
to determine that his acts were intentional and that that determination is not
something that can be determined conclusively.  Therefore, the summary judgment was
improper.  In his third issue on
appeal, Curb takes the position that the trial court erred when it struck an
affidavit that he attempted to use as summary judgment evidence.








When reviewing a traditional motion for summary
judgment, the following standards apply: (1) the movant for summary judgment
has the burden of showing that there is no genuine issue of material fact and
that it is entitled to judgment as a matter of law; (2) in deciding whether
there is a disputed material fact issue precluding summary judgment, evidence
favorable to the non‑movant will be taken as true; and (3) every
reasonable inference must be indulged in favor of the non‑movant and any
doubts resolved in its favor.  TEX.R.CIV.P.
166a; Goswami v. Metropolitan Savings and Loan Association, 751 S.W.2d
487, 491 (Tex.1988); Nixon v. Mr. Property Management Company, Inc., 690
S.W.2d 546, 548‑49 (Tex.1985); City of Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671, 676 (Tex.1979).

A trial court must grant a motion for summary
judgment if the moving party establishes that no genuine issue of material fact
exists and that he is entitled to judgment as a matter of law.  Rule 166a(c); Lear Siegler, Inc. v.
Perez, 819 S.W.2d 470, 471 (Tex.1991). 
Once the movant establishes a right to a summary judgment, the non‑movant
must come forward with evidence or law that precludes summary judgment. City
of Houston v. Clear Creek Basin Authority, supra at 678‑79. 

Texas Farmers filed a traditional motion for
summary judgment as well as a no-evidence motion for summary judgment.  See Rule 166a(c) &
166a(i).  Because we believe that
the traditional motion for summary judgment is dispositive of this appeal,
we will not address Texas Farmers=s
no-evidence motion for summary judgment.

The summary judgment evidence shows that Curb was
a sophomore at Gorman High School when the events made the subject of this
appeal occurred.  Curb and a friend,
Stephen Patel, strung fishing line ankle-high in a courtyard area of the
school.  They intended to tell some
of their friends that the soft drink machine was Aspitting
out@ free soft drinks and, thereby, lure
them to the courtyard area.  They
intended to watch while those friends tripped over the fishing line.  When the friends tripped over the
fishing line, Curb and Patel intended to tie them up as a practical joke.  After they had strung up the fishing
line, Curb and Patel went to look for their friends.  They found them, but they became
sidetracked and forgot about the fishing line. The next night, a teacher, Gail
Fischer, was conducting a nighttime play practice.  After play practice was over, she came
out of the school building, walked across the courtyard area, and tripped over
the fishing line.  Fischer suffered
injuries when she fell.  She had
tried to leave the building through another door, but she could not open the
door because fishing line was tied not only around the courtyard but also
around the door handle.  The summary
judgment evidence further shows that Fischer also found fishing line tied
neck-high in the courtyard area.  A
student who was with Fischer also tripped on the fishing line but, apparently,
was not seriously injured.








Fischer sued Curb and Curb=s
father, as well as Patel and his father. 
Fischer=s suit
against Patel was settled.  When
Fischer filed the lawsuit against the Curbs and the Patels, Curb sought to have
his parents=
homeowner=s
insurance company, Texas Farmers, provide a defense.  Initially, Texas Farmers provided a
defense under a reservation of rights. 
Later, Texas Farmers withdrew its defense because it believed that the
claims were not covered by the policy.

In Fischer=s
lawsuit against Curb, the trial court entered a $55,000 judgment in favor of
Fischer, Aresulting
from Defendant=s
negligent acts.@  After Curb lost the Fischer suit, he
filed this lawsuit.  Neither Curb=s father nor Patel nor Patel=s father are parties to this
lawsuit.  In his second amended
original petition, Curb alleged that Texas Farmers violated various provisions
of the Deceptive Trade Practices Act,[1]
stated that the violations constituted a breach of contract, and asked for
attorneys= fees
because A[p]laintiff
presented a claim for legal representation and liability coverage under the
policy.@   Curb basically seeks to recover
from Texas Farmers because of its failure to defend him in the Fischer lawsuit
and for its failure to indemnify him for the amount of the judgment entered
against him in that lawsuit.  Texas
Farmers filed a counterclaim in which it essentially sought findings that there
was no coverage, no duty to defend, and no duty to indemnify.

In this lawsuit, the same trial court that heard
the Fischer lawsuit found that Curb=s
acts were not within the coverage of the homeowner=s
insurance policy.  The trial court
found that there was no occurrence as defined in the policy and that the acts
sued upon were intentional and, therefore, excluded from coverage under the
policy.  

Before Texas Farmers would have a duty to defend
or a duty to indemnify, the acts sued upon must fall within the coverage
provided. The policy issued to Curb=s
parents provided for liability insurance when bodily injury or property damage
resulted from an Aoccurrence.@ 
In the policy, Aoccurrence@ is defined as:

6.  AOccurrence@ means an accident, including exposure
to conditions, which results in bodily injury or property damage
during the policy period.

 

The policy also contained the following exclusion:

 

1.  Coverage C (Personal Liability) and
Coverage D (Medical Payments to Others) do not apply to:

 

a.  bodily injury or property
damage which is caused by or at the direction of an insured.
(Emphasis in original)

 








The duty to defend and the duty to indemnify by an
insurer involve different principles. 
Trinity Universal Insurance Company v. Cowan, 945 S.W.2d 819,
821-22 (Tex.1997).  An insurer owes
no duty to defend an insured unless the petition in the underlying lawsuit
contains allegations of fact which fall within the scope of coverage provided
for in the policy of insurance.  National
Union Fire Insurance Company of Pittsburg, Pa. v. Merchants Fast Motor Lines,
Inc., 939 S.W.2d 139, 141 (Tex.1997). 

We apply the Aeight
corners rule,@ also
known as the Acomplaint
allegation rule,@ to
determine the existence of a duty to defend.  We are required to examine the
allegations in the petition and the contents of the policy of insurance.  Trinity Universal Insurance Company
v. Cowan, supra; National Union Fire Insurance Company of Pittsburg, Pa. v.
Merchants Fast Motor Lines, Inc., supra.   Our focus is on the allegations in
the petition that show the origin of the damages; the focus is not on the legal
theories alleged. Trinity Universal Insurance Company v. Cowan, supra.
We consider the allegations in the petition in light of the policy terms
without considering either the truth or falsity of the allegations or what the
parties know or believe the true facts to be.  Heyden Newport Chemical Corporation
v. Southern General Insurance Company, 387 S.W.2d 22, 24 (Tex.1965).  The same is true even if there has
already been a legal determination of the facts.  Heyden Newport Chemical Corporation
v. Southern General Insurance Company, supra.  We will not look outside the pleadings
and the policy of insurance in our assessment of whether there is a duty to
defend.  National Union Fire
Insurance Company of Pittsburg, Pa. v. Merchants Fast Motor Lines, Inc., supra at
142.  If a petition does not allege
facts that fall within the scope of coverage, an insurer is not required to
defend a suit against its insured.  American
Physicians Insurance Exchange v. Garcia, 876 S.W.2d 842, 848 (Tex.1994).








The Texas Supreme Court dealt with a question
similar to the issues in this case in Trinity Universal Insurance Company v.
Cowan, supra.   There, Gage, an employee of H.E.B. Photo
Place, made extra prints of some revealing photographs made from a roll of film
which had been brought to the photo lab for processing.  These pictures eventually were shown to
a friend of the subject in the photos, Cowan.  Cowan sued  H.E.B. and Gage.  H.E.B. settled with Cowan.  Gage called upon Trinity, his parents= homeowners insurance company, to
provide a defense to the lawsuit.  
Trinity initially provided a defense under a reservation of rights but
later denied coverage and withdrew its defense.  Gage made an agreement with Cowan by
which he assigned to Cowan any claims that he might have against Trinity.  A nonjury trial followed, and the trial
court found Gage negligent and grossly negligent and awarded Cowan
$250,000.  Gage did not appear
during the trial and did not otherwise defend the lawsuit.  We believe that the issues decided in
Cowan are instructive in this appeal. 


Here, while the petition in the underlying case
contained several general allegations of negligence against Curb, Patel, and
their fathers, the petition showed that Curb and Patel intentionally strung
fishing line around the courtyard at the school.  Again, we do not focus on legal theories
asserted but, rather, on factual allegations.  Bare allegations of negligence, as in
this case, are allegations of legal theories, not factual allegations.  The origin of the damages in this case was
the intentional behavior of Curb and Patel.  There might have been other legal
theories alleged, but there were no other facts (as opposed to theories of
recovery) alleged except that Curb and Patel acted intentionally; and it is of
no consequence that the results which would ordinarily follow were visited upon
someone of whom they had not thought. 
See Trinity Universal Insurance Company v. Cowan, supra; Argonaut
Southwest Insurance Company v. Maupin, 500 S.W.2d 633 (Tex.1973).  In Fischer=s
petition in the underlying cause, she alleged that Curb and Patel did exactly
what they intended to do.  Trinity
Universal Insurance Company v. Cowan, supra.   To be accidental, an effect could
not reasonably have been anticipated from the conduct that produced it, and the
insured A>cannot be charged with the design of
producing=@ the effect.  Mid‑Century Insurance Company
of Texas v. Lindsey, 997 S.W.2d 153, 155 (Tex.1999)(quoting from Trinity
Universal Insurance Com-pany v. Cowan, supra at 827)(in turn quoting from Republic
National Life Insurance Company v. Heyward, 536 S.W.2d 549, 557
(Tex.1976))); see also  Argonaut
Southwest Insurance Company v. Maupin, supra.  Courts determine, on a case-by-case
basis, whether conduct constitutes an Aaccident@ for purposes of insurance
coverage.  Wessinger v. Fire
Insurance Exchange, 949 S.W.2d 834 (Tex.App. - Dallas 1997, no pet=n).








The injury caused by Curb was of the type that
would Aordinarily
follow@ from his
conduct Aand the
injuries could be >reasonably
anticipated from the use of the means, or an effect=@ that Curb could be charged with
producing. Trinity Universal Insurance Company v. Cowan, supra at 828
(citing State Farm Fire & Casualty Company v. S.S., 858 S.W.2d 374,
377 (Tex.1993)). The summary judgment evidence conclusively establishes that
Texas Farmers had no duty to defend Curb because there was no accident and,
therefore, no occurrence.

We find it to be significant that in Cowan,
as is true in this case, there had been earlier find-ings in a separate lawsuit
that Gage was negligent and grossly negligent.  Nevertheless, the Supreme Court found no
duty to defend. Farmers Texas County Mutual Insurance Company v. Griffin,
955 S.W.2d 81 (Tex.1997); Trinity Universal Insurance Company v. Cowan,
supra at 945.

            Further,
the policy of insurance excludes intentional acts from coverage under the
policy.  Curb argues that the
summary judgment evidence shows that he and Patel simply forgot to go back and
untie the fishing line.  However,
the allegation that Curb and Patel forgot appears for the first time in this
case in connection with summary judgment procedures.  Because that information is not within
the eight corners rule, we cannot consider it on the issue of Texas Farmers=s duty to defend.  

            After
applying the well-established rules regarding summary judgment review, as we
have set out above, we hold that the trial court did not err when it ruled that
Texas Farmers had no duty to defend in the underlying lawsuit. 

The duty to indemnify is different from the duty
to defend.  Whether an insurer has a
duty to indemnify its insured is dependent upon the actual facts, not just the
facts as alleged.  Trinity
Universal Insurance Company v. Cowan, supra at 822.  We have reviewed the summary judgment
record, and there is nothing in that record  which would show that Curb=s actions were anything other than
intentional, as we have discussed above. 
Generally, whether an insured intended the injury to occur is a question
of fact.  State Farm Fire &
Casualty Company v. S.S., supra at 378.  However, there are instances where the
actions of an individual are intentional as a matter of law.  The origin of the injury in this case
was the tying of the fishing line around the courtyard.  When a result is the natural and probable
consequence of an act or course of action, it is not produced by accidental
means.  The natural result of an act
is the result that ordinarily follows, may be reasonably anticipated, and ought
to be expected.   This standard
is objective.  A person is held to
intend the natural and probable results of his acts even if he did not
subjectively intend or anticipate those consequences. Wessinger v. Fire
Insurance Exchange, supra at 837.








The insurance policy in this case only covers an
occurrence, meaning an accident; and the policy excludes intentional acts.  Curb=s
acts did not constitute an occurrence, and they were intentional.  Therefore, there is no duty to defend
and no duty to indemnify.  The trial
court did not err when it granted Texas Farmers=s
motion for summary judgment.  Curb=s first and second issues on appeal are
overruled.

In his third issue on appeal, Curb argues that the
trial court erred when it struck an affidavit which he had attached to his
response to Texas Farmers=s
motion for summary judgment.  There
are no citations to the record and no citations of authority on this
issue.  Curb=s
third issue on appeal is overruled. 
See TEX.R.APP.P. 38.9.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

June 9, 2005

Not designated for publication.  See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]TEX. BUS. & COM. CODE ANN. ' 17.41 et seq. (Vernon 2002 & Supp. 2004 - 2005).