Opinion of March 30, 2006, Withdrawn; and Substituted Concurring and
Dissenting Opinion filed April 11, 2006









Opinion of March 30, 2006,
Withdrawn; and Substituted Concurring and Dissenting Opinion filed April 11,
2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-02-00860-CV

_______________

 

LENNAR CORPORATION, LENNAR HOMES OF TEXAS LAND

AND CONSTRUCTION, LIMITED, AND LENNAR HOMES OF TEXAS
SALES AND MARKETING, LIMITED D/B/A VILLAGE BUILDERS, Appellants

 

V.

 

GREAT AMERICAN INSURANCE COMPANY,


AMERICAN DYNASTY SURPLUS LINES INSURANCE COMPANY, 

MARKEL AMERICAN INSURANCE COMPANY, 

GERLING AMERICA INSURANCE COMPANY, RLI INSURANCE
COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA 

AND WESTCHESTER FIRE INSURANCE COMPANY, Appellees

                                                                                                                                               


On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 00‑30034

                                                                                                                                                

 

S U B S T I T U T E D  
C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N

 








My
concerns with the majority=s 72-page opinion in this case mostly relate to the following
three aspects.  First, if the costs for
preventive replacement of EIFS, overhead, inspection, personnel, and attorney=s fees are not property damage within
the meaning of the policies, as the majority holds, then the summary judgments
should have been partially affirmed as to the claims for those costs against
American Dynasty / Great American and Markel (as well as the other insurers).

Second,
despite purporting to deny Lennar=s motion for summary judgment as to
all carriers, the majority opinion nevertheless unequivocally holds, based on
the uncontroverted evidence, that ALennar=s defective construction constitutes
an >occurrence= in this case@; ALennar=s defective construction constitutes
an >occurrence= under Texas law@; and ALennar has established an >occurrence= under all the policies.@ 
If this was a ground on which Lennar sought summary judgment, then the
majority=s conclusion dictates that summary
judgment be partially rendered for Lennar on that ground.  On the other hand, if the lack of an
occurrence was merely a ground on which the insurers sought summary judgment,
then our opinion should go no farther than to state that the insurers= summary judgment materials failed to
establish this ground as a matter of law, Lennar=s evidence was sufficient to raise a
fact issue, or the like, as the case may be.

Third,
I disagree with the reasoning of the majority opinion in interpreting the term Aoccurrence@ in the policies.  As relevant to this appeal, Aoccurrence@ is defined to mean accident, which
is not defined in the policies.  An
injury is accidental if, from the viewpoint of the insured,[1]
it is not the natural and probable consequence of the action or occurrence that
produced the injury; or, in other words, the injury could not reasonably be
anticipated by the insured or would not ordinarily follow from the action or
occurrence which caused the injury.  Mid-Century
Ins. Co. of Tex. v. Lindsey, 997 S.W.2d 153, 155 (Tex. 1999).








An
injury caused by voluntary and intentional conduct is not an accident just
because the result or injury may have been unexpected, unforeseen, or unintended.  Id. 
On the other hand, the mere fact that an actor intended to engage in the
conduct that gave rise to the injury does not mean that the injury was not
accidental.  Id.  Rather, both the actor=s intent and the reasonably
foreseeable effect of his conduct bear on the determination of whether an
occurrence is accidental.  Id.  An event is, thus, accidental if its effect:
(1) cannot reasonably be anticipated from the use of the means that produced
it; and (2) is one that the actor did not intend to produce and cannot be
charged with the design of producing.  Trinity
Universal Ins. Co. v. Cowan, 945 S.W.2d 819, 827 (Tex. 1997).

As
examples, Aaccident@ has been held to include: (1) an
employer=s alleged negligent hiring, training,
and supervision of an employee whose intentional conduct (assault) caused the
injury;[2]
(2) an unintentional discharge of a gun resulting from an attempt to gain entry
to a truck by reaching through its rear window;[3]
(3) a hunter=s deliberate firing of a gun at what
he believed to be a deer, but was actually a person;[4]
and (4) a deliberate application of a pesticide to rice in a rice mill.[5]  Conversely, Aaccident@ has been held not to include: (1)
the copying of revealing photos of a person and showing them to others;[6]
or (2) the removal of over 5000 cubic yards of borrow material (dirt) from a
property pursuant to an agreement with a party who was later determined to be
only a tenant in possession rather than an owner of the property.[7]

In
this case, the trapping of water by EIFS is accidental if that effect: (1)
could not reasonably be anticipated from the use of the product; and (2) is one
that Lennar did not intend to produce and cannot be charged with the design of
producing.  See Cowan, 945 S.W.2d
at 827.  However, the majority opinion
has instead framed the controlling issue as








 whether defective construction resulting in
damage to the insured=s own work can be an occurrence (accident).  After discussing (for 20 pages) that the
accident framework established by the Texas Supreme Court does not eliminate
coverage for damage to the insured=s own work, and that business risk
exclusions would be rendered superfluous if such damage was not an occurrence,
the majority concludes that Lennar has established an Aoccurrence@ under all the policies because Athe uncontroverted evidence
demonstrates Lennar did not intend to build the homes with a defective product
and did not intend or expect the resulting damage.@

On
the contrary, framing the controlling issue as merely whether defective
construction resulting in damage to the insured=s own work can be an accident only
begs the question because, under the Texas Supreme Court=s standards (outlined above), it
unquestionably can be an accident, but depends entirely on other
circumstances.  Similarly, the fact that
the Aaccident framework@ established by the Texas Supreme
Court does not eliminate coverage for damage to the insured=s own work is of no consequence
because that consideration is not even remotely a part of that framework.

Likewise,
if framed broadly enough, any category of subject matter can potentially be
covered by some policy exclusion and, under the majority rationale, thereby
fall within the scope of the insuring agreement.  Therefore, the fact that defective construction
resulting in damage to an insured=s own work could come within a
business risk exclusion provides no guidance whether the water entrapment in
this case was an accident.








Lastly,
the fact that Lennar did not intend to use a defective product or expect the
resulting damage does not alone establish an accident at all, let alone do so
as a matter of law (if affirmatively establishing an accident is even an
issue that is properly before us, as noted above).  Instead, additional evidence (than is recited
in the majority opinion) would be needed about the properties of EIFS and
Lennar=s decision to use it in the manner
that it did to determine whether its water-trapping effect: (1) could not
reasonably be anticipated from the use of the means that produced it; and (2)
is one that Lennar not only did not intend to produce, but also cannot be
charged with the design of producing.  See
Cowan, 945 S.W.2d at 827.

 

 

/s/        Richard H. Edelman

Justice

 

 

Substituted
Concurring and Dissenting Opinion filed April 11, 2006.

Panel consists of
Justices Fowler, Edelman, and Seymore.  
(Seymore, J., majority.)











[1]           Where
the insured is not the actor who actually caused the injury, the actor=s intent is not imputed to the insured to determine
whether there was an occurrence.  See
King v. Dallas Fire Ins. Co., 85 S.W.3d 185, 190-92 (Tex. 2002).





[2]           See
King, 85 S.W.3d at 193.





[3]           Lindsey,
997 S.W.2d at 155.





[4]           Cowan,
945 S.W.2d at 828.





[5]           See
Mass. Bonding & Ins. Co. v. Orkin Exterminating Co., 416 S.W.2d 396,
400-01 (Tex. 1967); see also Orkin Exterminating Co. v. Gulf Coast Rice
Mills, 362 S.W.2d 159, 161-62 (Tex. Civ. App. Houston 1962, writ ref=d n.r.e.).





[6]           Cowan,
945 S.W.2d at 828.





[7]           See
Argonaut Southwest Ins. Co. v. Maupin, 500 S.W.2d 633, 635 (Tex. 1973).