United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 5, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-10541
Summary Calendar

ROBERT L SHIPP; JOYCE SHIPP,

Plaintiffs-Appellants,

versus

STATE FARM FIRE CASUALTY CO; STATE FARM LLOYDS,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(No. 4:05-CV-778)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

This appeal arises from the district court's grant of summary judgment in favor of State Farm

Fire & Casualty Company and State Farm Lloyds (collectively, "State Farm"). Robert L. Shipp and

Joyce Shipp (the "Shipps") allege that State Farm owed a duty to defend and indemnify them in a

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

lawsuit, *Steven J. Meyers and Orly Meyers v. Robert L. Shipp and Joyce R. Shipp*, Cause No. 141-211550-05 (the "underlying suit"). We affirm the district court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

State Farm covered the Shipps under two insurance policies: a homeowner policy issued by State Farm Lloyds and a personal liability umbrella policy ("PLUP") issued by State Farm Fire & Casualty Company. The homeowner policy provides in pertinent part that

> If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:
>
> 1. pay up to our limit of liability for the damages for which the insured is legally liable; and
> 2. provide a defense at our expense by counsel of our choice.

The homeowner policy defines the following relevant terms: "property damage" means physical damage to or destruction of tangible property, including loss of use of the property; and "occurrence" means an accident, including exposure to conditions, which results in bodily injury or property damage during the policy period. The PLUP provides in pertinent part that

> If you are legally obligated to pay damages for a loss, we will indemnify you for your net loss minus the retained limit.

The PLUP defines "loss" as an accident that results in personal injury or property damage during the policy period. Personal injury includes bodily injury, sickness, disease, shock, mental anguish, or mental injury. Property damage entails physical injury to or destruction of tangible property.

During the summer of 2004, the Shipps sold their house to Steven J. and Orly Meyers (the "Meyerses"). As part of the transaction, the Shipps executed a Seller's Disclosure Notice representing that no damage from an active infestation of termites or other wood-destroying insects

2

required repairs in the house and there had been no previous repairs made for such damage. In May 2005, the Meyerses filed suit against the Shipps in the 141st District Court of Tarrant County, Texas, after discovering termite damage in their home. The Meyeres alleged violations under the Texas Deceptive Trade Practices Act (the "DTPA"), statutory fraud under § 27.01 of the Texas Business and Commerce Code, common law fraud, and negligent misrepresentation.

Pursuant to their insurance policies, the Shipps requested that State Farm provide their defense in the underlying suit, but State Farm refused to comply with this request for representation. In November 2005, the Shipps sued State Farm for breach of contract. State Farm removed the case to federal court. Both parties sought a declaratory judgment on whether State Farm has a duty to defend and indemnify under the homeowner policy or PLUP. State Farm argued that the Meyeres did not plead an occurrence, property damage, or bodily injury, which are prerequisites for coverage of the underlying suit. On April 18, 2006, upon cross-motions, the district court entered a final judgment granting State Farm's motion for summary judgment. The Shipps filed a timely appeal. The issue on appeal is whether State Farm owed a duty to defend and indemnify the Shipps in the underlying lawsuit.

## II. STANDARD OF REVIEW

We review de novo a district court's grant of summary judgment, applying the same legal standards as the district court. *Allstate Ins. Co. v. Disability Servs. of the Sw. Inc.*, 400 F.3d 260, 262-63 (5th Cir. 2005). The court must determine whether the submissions show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This court also

3

reviews de novo a district court's interpretation of an insurance policy. *Performance Autoplex II, Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003).

## III. DISCUSSION

An insurer's duty to defend depends upon an examination of the pleadings in the underlying suit and the policy provisions. *Argonaut Sw. Inc. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex. 1973); *State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 737 (Tex.App. 1996) (setting forth the eight corners rule, which only considers the pled allegations and policy language to determine an insurer's duty to defend). If the pleadings allege facts or encompass evidence within coverage, then the insurer must defend the case. *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965); *Terra Int'l, Inc. v. Commonwealth Lloyd's Ins. Co.*, 829 S.W.2d 270, 272 (Tex.App. 1992). The insured bears the burden to prove that the policy's grant of coverage includes the alleged claim. *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996). In a case involving the duty to defend and duty to indemnify, even though separate inquiries, if "the same reasons that negate the duty to defend also negate the duty to indemnify, the Court may declare that the insurance company has neither duty." *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).

The conventional rules of contract interpretation govern the interpretation of an insurance policy. *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994). Unless the policy language contains ambiguous language, the court assigns the ordinary meaning to words used in the policy. *Sec. Mut. Cas. Co. v. Johnson*, 584 S.W.2d 703, 704 (Tex. 1979); *Yancey v. Floyd West & Co.*, 755 S.W.2d 914, 918 (Tex. App. 1988).

4

In this case, the homeowner policy permits coverage for claims caused by an occurrence. The PLUP permits coverage and indemnity of for damages resulting from a loss. The two policies similarly define *occurrence* and *loss* as an accident resulting from personal injury, bodily injury, or property damage during the policy period. Therefore, the coverage question requires a determination of whether the Meyeres allege in their pleadings that the damage to their home was caused by an accident. Although not defined in either policy, under Texas law, an accident has been described in the following terms:

> [A]n injury is accidental if from the viewpoint of the insured, it is not the natural and probable consequence of the action or occurrence which produced the injury; or in other words, if the injury could not reasonably be anticipated by insured [sic], or would not ordinarily follow from the action or occurrence which caused the injury. . . . [B]oth the actor's intent and the reasonably foreseeable effect of his conduct bear on the determination of whether an occurrence is accidental.

*Mid-Century Ins. Co. of Tex. v. Lindsey*, 997 S.W.2d 153, 155 (Tex. 1999) (citations omitted); *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 827-28 (Tex. 1997).

The Meyeres pleaded that the Shipps knowingly and intentionally misrepresented that their house was unaffected at any point in the past, present, or future by termites or wood-destroying insects. The Meyeres also pleaded that the representations regarding the condition of the Shipps' home were "false, misleading and deceptive" for the following reasons:

> (a) the Shipps failed to disclose that there was active termite infestation and that damage had been concealed; (b) the Shipps concealed termite damage by intentionally patching, covering up and painting over damaged areas; (c) the Shipps misrepresented the seller's disclosure regarding termite or wood-destroying insect damage, past and present; and (d) the Shipps misrepresented the seller's disclosure regarding termite or wood-destroying insect damage that had been repaired.

These factual allegations do not meet the definition of an accident. Any reasonable person could conclude that damage to the home naturally occurs from termite infestation. In the pleadings, the

5

Meyeres assert that the Shipps committed an intentional tort, not an accidental oversight, which caused reasonably foreseeable damage to the house. Since the homeowner policy and PLUP only cover damages flowing from an accident, the facts pled in the Meyerses' complaint do not fall within the Shipps' insurance coverage. Accordingly, State Farm was under no duty to defend or indemnify the Shipps in the underlying lawsuit.

## IV. CONCLUSION

Based on the foregoing reasons, we affirm the district court's grant of summary judgment.